Mary Jo O'Neill, AZ Bar #005924
James Driscoll-MacEachron, AZ Bar #027828
Gina E. Carrillo, AZ Bar #030579
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5043
Fax: (602) 640-5009
Email: mary.oneill@eeoc.gov
         james.driscoll-maceachron@eeoc.gov
         gina.carrillo@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ROYAL DINING GROUP, an Arizona corporation; ROYAL DINING CATERING, INC. d/b/a ROYAL DINING FOODS, a California corporation; and<br>BETTER 4 YOU BREAKFASTS d/b/a BETTER 4 YOU MEALS, a California corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII")

against the Defendants, Royal Dining Group, Inc. ("RDG"); Royal Dining Catering,

Inc., d/b/a Royal Dining Foods ("RDC"); and Better 4 You Breakfasts, d/b/a Better 4

You Meals ("Better 4 You") (collectively referred to as "Defendants"), to 1) correct unlawful sex-based employment practices, 2) correct unlawful retaliation against employees for complaining about discrimination, and 3) provide appropriate relief to Ignacio Araujo-Moreno, Fernando Arteaga, Noe Rosas, Octavio Sanchez, and Imelda Gallardo. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendants RDG and RDC (collectively referred to as "Royal Dining") engaged in unlawful discrimination by subjecting Araujo-Moreno, Arteaga, Rosas, and Sanchez to a hostile work environment because of sex, including but not limited to because they were male and they did not conform to sex- or gender-based preferences, assumptions, expectations, norms, or stereotypes of men. The EEOC further alleges that Defendants engaged in unlawful discrimination by retaliating against Araujo-Moreno, Arteaga, Rosas, Sanchez, and Gallardo (collectively referred to as "Charging Parties") by laying them off, designating them ineligible for rehire, and/or refusing to rehire them because they opposed practices made unlawful by Title VII and filed charges of discrimination.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within

the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Royal Dining Group, Inc., an Arizona corporation, continuously did business in the State of Arizona, City of Phoenix, and continuously had at least 15 employees.

5. At all relevant times, Defendant Royal Dining Catering, Inc., a California Corporation, continuously did business in the State of Arizona, City of Phoenix, and the State of California, City of Chatsworth, and continuously had at least 15 employees.

6. At all relevant times, Defendant Better 4 You Breakfast, Inc., a California corporation, continuously did business in the State of Arizona, City of Phoenix, and the State of California, City of Chatsworth, and has continuously had at least 15 employees.

7. At all relevant times, Defendants RDG, RDC, and Better 4 You were continuously employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

8. At all relevant times, RDG and RDC operated as a single integrated enterprise by maintaining common management, interrelationship between operations, centralized control over labor relations, and common ownership. The integrated aspects of RDG's and RDC's operations included, but were not limited to:

    a. Both entities provided identical services;

    b. Both entities were owned by Juan Carlos Saucedo, Tony Diaz, and Orlando Martinez;

    c. Saucedo, Diaz, and Martinez worked out of RDC's location in Chatsworth, California;

    d. Saucedo, Diaz, and Martinez oversaw the management of both locations (including the hiring and firing of employees); and

    e. Labor relations for both entities were centralized in RDC's Chatsworth location, which received employee complaints and processed wages for both entities.

9. At all relevant times, RDG and RDC operated as joint employers as to RDG's Arizona employees, as both controlled the terms and conditions of RDG's Arizona employees. The terms and conditions of the employees that RDG and RDC jointly exercised control over included without limitation:

    a. Control and supervision;

    b. Decisions regarding hiring, firing, and discipline;

    c. Determination of pay rates and methods of payments; and

    d. Control over the wages and payment of wages.

10. RDC also participated in and influenced the employment policies and actions of its subsidiary, RDG.

11. All of the acts and failures to act alleged herein were duly performed by and are attributable to both RDG and RDC. Each entity participated in, approved, and/or

- 4 -

ratified the unlawful acts and omissions of the other.  Whenever and wherever the reference is made in this Complaint to any act by RDC and RDG such allegations and references mean the acts and failures to act of each entity acting individually, jointly, and/or severally.

12. In the summer of 2013, Jenny Michael was hired to work as a manager at Royal Dining's Arizona location. Michael was hired by, reported to, and was supervised by Better 4 You owners Jason Roberts and Fernando Castillo, and her paychecks were issued by Better 4 You.

13. From at least July 2013 through at least March 2014, Better 4 You and Royal Dining acted as joint employers as to Royal Dining's Arizona staff. Upon information and belief, in the relevant time period, both Royal Dining and Better 4 You controlled the terms and conditions of Royal Dining's Arizona employees, including without limitation:

    a. Control and supervision;

    b. Decisions regarding hiring, firing, and discipline;

    c. Determination of pay rates and methods of payments; and

    d. Control over the wages and payment of wages.

## **CONDITIONS PRECEDENT**

14. More than thirty days prior to the institution of this lawsuit, Ignacio Araujo-Moreno, Fernando Arteaga, Noe Rosas, Octavio Sanchez, and Imelda Gallardo filed charges with the Commission alleging violations of Title VII by Royal Dining.

15. The EEOC provided Royal Dining with notice of the charges of

discrimination.

16. The EEOC investigated the charges of discrimination and issued determinations finding reasonable cause to believe that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964.

17. The Commission invited Defendants to join it in informal methods of conference, conciliation, and persuasion in an attempt to eliminate and remedy the alleged unlawful employment practices.

18. The Commission was unable to reach agreements acceptable to the Commission through the conciliation process with Defendants.

19. The Commission sent notice to RDG, RDC, and Better 4 You that conciliation had failed.

20. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

21. RDG and RDC (collectively, "Royal Dining") hired Araujo-Moreno in approximately August 2011; in May 2013, he was a cook.

22. Royal Dining hired Sanchez as a cook in approximately June 2011.

23. Royal Dining hired Arteaga as a cook in approximately December 2011.

24. Royal Dining hired Rosas as a cook in approximately August 2012.

25. Royal Dining hired Gallardo as a food preparer in approximately September 2012.

26. Araujo-Moreno, Sanchez, Arteaga, and Rosas are gay men. Gallardo was

their friend and female co-worker.

27. Araujo-Moreno, Sanchez, Arteaga, Rosas, and Gallardo all performed their job duties satisfactorily during the course of their employment with Royal Dining.

28. During the course of their employment, Royal Dining regularly subjected Araujo-Moreno, Arteaga, Rosas, and Sanchez to demeaning and derogatory comments and gestures because of their sex, including but not limited to because they were male and they did not conform to sex- or gender-based preferences, assumptions, expectations, norms, or stereotypes of men.

29. Examples of the demeaning and derogatory comments, and gestures listed in Paragraph 28 include, without limitation, the following:

    a. Rosas heard employees refer to him as "Noelia," which is a feminized version of his name.

    b. When Rosas called out sick, Jasmine Gomez, a Royal Dining employee, told employees that Rosas had AIDS.

    c. Cooks, drivers, and other employees constantly referred to Rosas as "faggot" in Spanish.

    d. An employee told Arteaga, in Spanish, "Hey faggot, I don't like the way you speak and you offend all the women here."

    e. Another employee repeatedly told Sanchez, in Spanish, that the kitchen was "full of faggots."

    f. On one occasion, Jasmine Gomez told Sanchez that she needed to walk in a more feminine manner because of the many gay men working in

the kitchen, implying that they were so feminine that she needed to act even more feminine to distinguish herself, and proceeded to walk in a mocking and exaggeratedly feminine way, in a stereotypical parody of gay men.

g. Gomez referred to Araujo-Moreno, Arteaga, Rosas and Sanchez as a bunch of "feminines" in Spanish.

h. Another employee repeatedly made mocking gestures, such as stereotypical limp wristed gestures, to Araujo-Moreno, Arteaga, Rosas, and Sanchez.

i. Other employees, such as drivers, frequently referred to Araujo-Moreno, Arteaga, and Rosas as "the gays" in Spanish.

j. Another employee threatened Arteaga with a knife, telling him "I don't like homosexuals, they abuse children, I don't like the way you talk, I told you to stop talking."

30. This harassment of Araujo-Moreno, Arteaga, Rosas, and Sanchez occurred as frequently as several times per week, and was done in such an open and notorious manner that Royal Dining knew or should have known that Araujo-Moreno, Arteaga, Rosas, and Sanchez were being subjected to a hostile work environment because of sex, including but not limited to because they were male and they did not conform to sex- or gender-based preferences, assumptions, expectations, norms, or stereotypes of men.

31. The Charging Parties repeatedly complained to Royal Dining owners Saucedo, Martinez, and Diaz about the harassment, but Royal Dining took no remedial

- 8 -

action to correct the conduct described in the foregoing paragraphs. The responses to these complaints included but were not limited to:

    a. Martinez told Sanchez not to be a baby and that he would "fix things," which he failed to do.

    b. Diaz also told Sanchez that he would fix it, but made no effort to.

    c. Saucedo told Sanchez to not look into the past.

    d. Arteaga recalled that several complaints were made about the harassment during staff meetings with Martinez, but nothing was done.

    e. When Rosas complained to Martinez about Gomez, Martinez dismissed Rosas's complaints without taking any action, only telling Rosas not to listen to Gomez because she was just a spoiled rich girl.

32. Gallardo attempted to defend Araujo-Moreno, Arteaga, Rosas, and Sanchez when she witnessed the harassing conduct by reporting it to management.

33. On one occasion, the Charging Parties complained together to Saucedo about their poor treatment, in the presence of Gomez. Saucedo responded by daring them to sue him.

34. On or about May 9, 2013, Araujo-Moreno, Arteaga, Rosas, and Sanchez filed charges of discrimination alleging harassment because of sex.

35. The EEOC served these charges on Royal Dining on or about May 15, 2013.

36. By May 21, 2013, Saucedo, Diaz, and Martinez, the owners of both Royal Dining entities, had knowledge of these charges through an email sent by Angela

- 9 -

Zapata, Royal Dining Catering's former Human Resources Risk Manager, explaining the situation.

37. On or about May 30, 2013, Royal Dining laid off Araujo-Moreno, Arteaga, Rosas, and Sanchez.

38. When Diaz laid off Gallardo, he told her that Royal Dining did not need any "problem employees."

39. Typically, Royal Dining contacted previous employees towards the end of the summer to invite them to come back to work for the following school year.

40. Beginning in or about June 2013 and continuing through at least August 2013, Charging Parties repeatedly contacted Royal Dining to ask if they could come back to work in the fall.

41. Royal Dining told Charging Parties that they would have to apply for their jobs through a temporary agency.

42. Despite their repeated requests, Royal Dining never provided Charging Parties with the information they needed to reapply for their positions.

43. Subsequent to the Charging Parties' layoff, Royal Dining did not require any other employees hired or rehired to apply through a temporary agency.

44. Martinez instructed Gomez to direct Araujo-Moreno, Arteaga, Rosas, and Sanchez to him if they inquired about rehire. Martinez also told Gallardo that she would not be called back to work because of her friendship with Araujo-Moreno, Arteaga, Rosas, and Sanchez.

45. In June 2013, Better 4 You owners Jason Roberts and Fernando Castillo

- 10 -

recruited, interviewed, and hired Jenny Michael to manage the Arizona Royal Dining location.

46. Michael reported directly to the Better 4 You Breakfast owners who had hired her, Roberts and Castillo, was paid directly by Better 4 You, and had minimal interaction with Royal Dining management.

47. In June 2013, Jasmine Gomez informed Jenny Michael that the Charging Parties should not be rehired "because of charges" they had filed. The following week, EEOC investigators interviewed Michael concerning the charges of Araujo-Moreno, Arteaga, Rosas, and Sanchez.

48. Michael did not call Araujo-Moreno, Arteaga, Rosas, Sanchez, or Gallardo for employment in the 2013-2014 school year.

49. In August 2013, Michael called other former employees of the Defendants for employment for the 2013-2014 school year.

50. Defendants did not attempt to contact or rehire Araujo-Moreno, Arteaga, Rosas, Sanchez or Gallardo.

51. Although Defendants did not rehire Araujo-Moreno, Arteaga, Rosas, Sanchez, or Gallardo, they continued to seek and hire applicants for kitchen positions.

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

**[Sex-Based Hostile Work Environment – 42 U.S.C. § 2000e-2(a)]**

52. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

- 11 -

53. From at least June 2011 through at least May 2013, Royal Dining engaged in unlawful employment practices at their Phoenix, Arizona facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Araujo-Moreno, Arteaga, Rosas, and Sanchez to severe or pervasive harassment constituting a hostile work environment because of their sex, including but not limited to because Araujo-Moreno, Arteaga, Rosas, and Sanchez are male and they did not conform to sex- or gender-based preferences, assumptions, expectations, norms, or stereotypes of men.

54. As described with more particularity above, Royal Dining's staff regularly subjected Araujo-Moreno, Arteaga, Rosas, and Sanchez to sex-based derogatory comments, including but not limited to comment about their perceived nonconformance with sex- or gender-based preferences, assumptions, expectations, norms, or stereotypes of men, called them or referred to them using insulting names, and/or mocked them with sex-based slurs.

55. Despite repeated complaints about the harassing comments and conduct, Royal Dining created or tolerated this sex-based hostile work environment and failed to take prompt or effective remedial action to correct it.

56. Royal Dining knew or should have known about the harassing comments and conduct described above due to the complaints it received and the open and notorious nature of the conduct.

57. Despite this knowledge, Royal Dining failed to stop the harassing conduct.

58. Royal Dining failed to take prompt or effective action to prevent, correct, or remedy the hostile work environment.

59. The effect of the practices complained of in the foregoing paragraphs has been to deprive Araujo-Moreno, Arteaga, Rosas, and Sanchez of equal employment opportunities and to otherwise adversely affect their status as employees because of sex.

60. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

61. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or reckless indifference to Araujo-Moreno's, Arteaga's, Rosas', and Sanchez' federally protected rights.

**SECOND CLAIM FOR RELIEF**

**[Retaliation – 42 U.S.C. § 2000e-3(a)]**

62. Defendants engaged in unlawful employment practices at their Phoenix, Arizona facility in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against the Charging Parties because they opposed an unlawful employment practice and/or made a charge, testified, assisted, or participated in an investigation into an unlawful employment practice.

63. Royal Dining laid off Araujo-Moreno, Arteaga, Rosas, and Sanchez because they filed charges of discrimination with the EEOC alleging sex-based harassment and because they opposed the sex-based harassment.

64. Defendants made Araujo-Moreno, Arteaga, Rosas, and Sanchez ineligible for rehire and declined to hire them back because they filed charges of discrimination with the EEOC alleging discrimination because of sex and because they opposed the sex-based harassment.

65. Defendants refused to rehire Gallardo based on her opposition to discrimination and based on her association with Araujo-Moreno, Arteaga, Rosas, and Sanchez.

66. The effect of the practices complained of above has been to deprive Araujo-Moreno, Arteaga, Rosas, Sanchez, and Gallardo of equal employment opportunities, and otherwise adversely affect their status as employees, in retaliation for engaging in protected conduct.

67. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

68. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or reckless indifference to the federally protected rights of the Charging Parties.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants RDG and RDC, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any unlawful practice which discriminates against an employee or applicant because of their sex, including on the basis of employees' failure to conform to sex- or gender-based preferences, expectations, or stereotypes of men.

B. Grant a permanent injunction enjoining Defendants RDG, RDC, and Better 4 You, as well as their officers, agents, servants, employees, attorneys, and all

persons in active concert or participation with them, from engaging in any unlawful practice which retaliates against any employee for participating in federally protected activity, including filing a charge with the Commission.

C. Order Defendants RDG and RDC to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of sex and which eradicates the effects of their past and present unlawful employment practices.

D. Order Defendants RDG, RDC, and Better 4 You to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of activity protected under Title VII and which eradicates the effects of their past and present unlawful employment practices.

E. Order Defendants to make the Charging Parties whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 25 through 55 above, including job search expenses and backpay, in amounts to be determined at trial.

F. Order Defendants to make the Charging Parties whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 21 through 51 above, including emotional pain, suffering, mental anguish, inconvenience, and humiliation, in amounts to be determined at trial.

G. Order Defendants to pay the Charging Parties punitive damages for its malicious or recklessly indifferent conduct described in paragraphs 25 through 55 above,

- 15 -

in amounts to be determined at trial.

H.     Grant such further relief as this Court deems necessary and proper in the public interest.

I.     Award the EEOC its costs of this action.

## JURY TRIAL DEMANDED

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 28th day of September, 2016.

          P. DAVID LOPEZ
          General Counsel

          GWENDOLYN REAMS
          Associate General Counsel

          EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION
          131 M Street NE, 5th Floor
          Washington, DC 20507-0004

          MARY JO O'NEILL
          Regional Attorney

          JAMES DRISCOLL-MACEACHRON
          Supervisory Trial Attorney

          */s/ Gina E. Carrillo*
          GINA E. CARRILLO
          Trial Attorney

          EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION
          Phoenix District Office
          3300 N. Central Ave., Suite 690
          Phoenix, AZ 85012
          (602) 640-5043

          Attorneys for Plaintiff